**LINDA SELIG BLONSLEY SBN 90198**
Blonsley Law
209 South Halcyon Road
Arroyo Grande, CA 93420
Tel: 805-904-6722
Fax: 805-904-6724
lblonsley@blonsleylaw.com

Attorney for 581 Higuera Restaurant Group, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DIVISION CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>581 HIGUERA RESTAURANT GROUP, LLC,<br><br>Debtor. | Case No. 9-18-bk-11391-DS<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASE**<br>**11 U.S.C. §§ 105(a), 349 and 1112(b), FRBP 1017(a)**<br><br>Hearing<br>Date: February 5, 2019<br>Time: 1:30 PM<br>Courtroom: 201<br>Address: 1415 State Street<br>Santa Barbara, CA 93101-3101<br><br>Judge: Hon. Deborah J. Saltzman |

TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:

581 HIGUERA RESTAURANT GROUP, LLC, by and through LINDA SELIG BLONSLEY, Blonsley Law, its attorney of record, hereby moves this court for an order dismissing the above referenced Chapter 11 case pursuant to Sections 105(a), 349 and 1112(b) of the Bankruptcy Code and Rule 1017(a) of the Federal Rules of Bankruptcy Procedure on the grounds that a reorganization is no longer feasible based on an order granted by this court for relief from stay. (Docket #42), subsequent foreclosure and acquisition of the property by

another entity.

## JURISDICTION

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

1. 581 HIGUERA RESTAURANT GROUP, LLC, ("581") filed a Chapter 11 Petition on August 24, 2018, and an order for relief was entered thereon.

2. 581 operates as a debtor in possession. The Debtor's assets were an office building and ½ acre property in downtown San Luis Obispo at 581 Higuera Street. The property was purchased by the single purpose entity 581 Higuera Restaurant Holding Group, LLC in 2014. The property was then committed by contract to be jointly planned and entitled with adjoining property at 570 and 590 Marsh Street as a large 3-building mixed use project known as San Luis Square. Both 570 and 590 Marsh Street properties have already been purchased by Marsh Nipomo Mixed Use, LP. PB Companies, LLC (John Belsher and Ryan Petetit) is a limited partner of Marsh Nipomo Mixed Use LP and is also a 75% member of 581. The other member of 581 is Russell M. Sheppel 2009 Irrevocable Trust ("Russ Sheppel").

//

3. Russ Sheppel joined 581 as a 25% equity member. He was to invest all capital needed for the acquisition but failed to do so. Months after the 2014 acquisition he invested $565,000 in 581. Months letter he requested and received a note and deed of trust to secure his equity investment. The note and deed of trust were in favor of Russell M. Sheppel, Trustee of the Russell M. Sheppel 2010 Separate Property Trust ("Sheppel Trust") That deed of trust was recorded on August 31, 2015 and was in default at the time of the filing of the Chapter 11 case.

4. A first Deed of Trust in the amount of $1,050,000.00, to replace partner financing, was recorded in favor of Lone Oak Fund, LLC on March 3, 2016.

5. In spring of 2018, Belsher and Petetit secured final discretionary approval of a mixed-use development, including a 4-story building on the 581 Higuera property.

6. Marsh Nipomo Mixed Use LP contracted to purchase the residential air space rights to 581 Higuera in 2014. Thereafter it paid $17,000 per month to 581, which provided payment to on the Loan Oak obligation. In July of 2018, Marsh Nipomo Mixed Use LP stopped its monthly air rights payments. 581 was also in default under the Lone Oak loan as a result.

7. The Debtor has not filed a Plan of Reorganization.

8. The Sheppel Trust filed Motion for Relief from Stay on November 2, 2018 (Docket #29), and this Court granted the motion pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2) and (d)(3). The Sheppel Trust Order was Filed and Entered on November 29, 2018 (Docket #42) and The Sheppel Trust concluded its foreclosure sale.

9. There are no other assets of this estate, and reorganization is not feasible.

//

## LEGAL ARGUMENT

Pursuant to section 1112(b)(1) of the Bankruptcy Code, absent unusual circumstances, a court shall dismiss a bankruptcy case "for cause." Section 1112(b)(1) states, in pertinent part:

> on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

Cause exists, and dismissal is in the best interests of the Debtor, the Debtor's estate and its creditors. Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of 16 grounds for dismissal. 11 U.S.C. § 1112(b)(4)(A)-(P). One such ground is failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court. 11 U.S.C. § 1112(b)(4)(J). As stated above, the Debtor has not filed a Reorganization Plan.

Any future administrative claims, such as professional fees and United States Trustee fees, continue to accrue each day the Chapter 11 Case remains open. Second, it is simply impossible for the Debtor to rehabilitate its business since there is no business to reorganize.

Moreover, while no longer an enumerated ground under amended section 1112 of the Bankruptcy Code, dismissal of a chapter 11 case is appropriate where the court finds that a feasible plan is not possible. If a chapter 11 debtor cannot achieve a reorganization within the statutory requirements of the Bankruptcy Code, then there is no point in expending estate assets or accruing unpayable administrative expenses.

Here, the Debtor does not have sufficient assets to confirm a plan of liquidation because the Debtor no longer has any operations and has no funds or unencumbered assets to make any of the payments that would be required to be made under such a plan. Thus, there is no point in incurring additional administrative expenses when the Debtor is unable to consummate a liquidating plan.

The Debtor has met its burden and the Chapter 11 Case should be dismissed under section 1112(b)(4) of the Bankruptcy Code because of the absence of a reasonable likelihood of rehabilitation, and the fact that a liquidating plan is not feasible under the circumstances of this Chapter 11 Case.

Once a court determines that cause exists to dismiss a debtor's chapter 11 case, the court must evaluate whether dismissal is in the best interests of the debtor's creditors and of the estate. A variety of factors demonstrate that it is in the best interest of the Debtor's estate and its creditors to dismiss the Chapter 11 Case. A dismissal of a chapter 11 bankruptcy case meets the best interests of creditors test where a debtor has nothing to reorganize, and the debtor's assets are fixed and liquidated. See *Camden Ordinance Mfg. Co. of Ark., Inc. v. Unites States Trustee (In re Camden Ordnance Mfg. Co. of Ark., Inc.),* 245 B.R. 794, 799 (E.D. Pa. 2000) (reorganization to salvage business which ceased business was unfeasible); *In re Brogdon Inv. Co., 22 B.R. 546, 549* (Bankr. N.D. Ga. 1982) (court dismissed chapter 11 proceeding in part where there was "simply nothing to reorganize" and no reason to continue the reorganization). As set forth above, the Debtor has nothing left to reorganize. Thus, it is in the best interests of the creditors to dismiss the Chapter 11 Case because the Debtor's operations no longer exist, no funds are available to finance a plan of liquidation and no assets are available for distribution.

Dismissal of the Chapter 11 Case will maximize the value of the Debtor's estate because the alternative—conversion to a chapter 7 liquidation and appointment of a trustee—is unnecessary and could impose significant additional administrative costs upon the Debtor's estate. By continuing in bankruptcy, the Debtor would just incur additional administrative expenses that it would be unable pay. It is in the best interest of the Debtor's estate and its creditors to dismiss the Chapter 11 Case.

Wherefore, the Debtor prays that this Court will enter an Order dismissing this Chapter 11 case, and for such other and further relief as this Court deems just.

Dated: January 9, 2019           Respectfully Submitted,

                                 By:   /s/ Linda Selig Blonsley
                                       Linda Selig Blonsley, Blonsley Law
                                       Attorney for Debtor in Possession

I, John W. Belsher, transferring member/manager of 581, do hereby declare as follows: I have reviewed the foregoing and it is true and correct, under penalty of perjury in accordance with the laws of the United States and the State of California.

Dated: January 9, 2019
                                       _____
                                       John W. Belsher

| In re: **581 Higuera Restaurant Group, LLC** Debtor(s). | CHAPTER: **11** CASE NUMBER: **9:18-bk-11391** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**209 S. Halcyon Road**
**Arroyo Grande, CA 93420**

A true and correct copy of the foregoing document entitled (*specify*):   **Motion to Dismiss Chapter 11 Case**   or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   **January 10, 2019**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**United States Trustee (ND)**  Ustpregion16.nd.ecf@usdoj.gov
**Simon Aron, Wolf, Rifkin, Shapiro & Schulman LLP**  saron@wrslawyers.com
**Brian Fittipaldi, Trustee (ND)**  brian.fittipaldi@usdoj.gov
**Linda S Blonsley**  blonsleylawecf@gmail.com
**Paul F Ready, Farmer & Ready**  tamara@farmerandready.com
**Russell M. Sheppel, Trustee, c/o Paul F. Ready**  pfready@farmerandready.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On   **January 10, 2019**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Deborah J Saltzman**
**United States Bankruptcy Court**
**Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1634 / Courtroom 1639**
**Los Angeles, CA 90012**

**581 Higuera Restaurant Group, LLC**
**486 Marsh Street, Suite C**
**San Luis Obispo, CA 93401**

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **January 10, 2019** | **Joe Lopez** | **/s/ Joe Lopez** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*                                                                                                                                     **9013-3.1.PROOF.SERVICE**

| In re: | | CHAPTER **11** |
|---|---|---|
| **581 Higuera Restaurant Group, LLC** | Debtor(s). | CASE NUMBER **9:18-bk-11391** |

**2. SERVED BY UNITED STATES MAIL(cont)**:

Lone Oak Fund, LLC
11611 San Vicente Boulevard Suite 640
Los Angeles, CA 90049

Russell M. Sheppel
2009 Irrevocable Trust
c/o Russ Sheppel, Trustee
1202 Shoreline Drive
Santa Barbara, CA 93109

San Luis Obispo Co Assessor
1055 Monterey St Ste D360
San Luis Obispo, CA 93408

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2592
Sacramento, CA 95812-2952

Russell M. Sheppel , Trustee
c/o Paul F Ready
Farmer & Ready
1254 Marsh Street
PO Box 93406

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 9013-3.1**